UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA SOUTHERN DIVISION

| | |
|---|---|
| MINDY CROW, | ) No. SA CV-05-00836 SH |
| Plaintiff, | ) MEMORANDUM OPINION |
| v. | ) AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration | ) |
| Defendant. | ) |

## I. PROCEEDINGS

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application, for Disability Insurance Benefits and Supplemental Security Income under Title II and XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and

Defendant have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a joint stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

On May 21, 2001 Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income benefits, alleging an inability to work since November 17, 2000, due to bipolar disorder. (Administrative Record ["AR"] 64, 82). The request was denied initially and upon reconsideration. (AR 64, 202). Plaintiff filed a timely Request for Hearing and a hearing was held on October 24, 2002, before Administrative Law Judge ("ALJ") F. Keith Varni. (AR 30). After an Unfavorable Decision issued on November 8, 2002 (AR 14), the Plaintiff filed a Request for Review of the Hearing Decision on November 15, 2002. (AR 9). The Appeals Council denied review on April 28, 2003. (AR 5). Plaintiff then commenced civil action EDCV 03-000644 SH.

On January 20, 2004, the Court entered a Judgment of Remand pursuant to the stipulation of the parties. (AR 256). On March 3, 2004, the Appeals Council remanded the case back the ALJ pursuant to Sentence Four. (AR 263). Another hearing was held on March 14, 2005 before ALJ Helen E. Hesse. (AR 297). After an Unfavorable Decision issued on April 18, 2005 (AR 223), the Plaintiff filed a Request for Review. (AR 222). The Appeals Council denied review on July 2, 2005 (AR 219). Plaintiff then commenced the present action.

## II. DISCUSSION

Plaintiff asserts that the ALJ did not properly consider the disability opinion of treating psychiatrist Syan Kunam, M.D. Specifically, the plaintiff alleges that the ALJ ignored Dr. Kunam's treatment notes even though they support a disability finding; that the ALJ ignored Dr. Kunam's Physical Initial Evaluation even though it supports a disability finding; and the ALJ discredited

Dr. Kunam's opinion of disability on neither legitimate nor specific grounds.

Plaintiff incorrectly asserts that the ALJ erred by not taking into account Dr. Kunam's treatment notes and Physician Initial Evaluation when weighing Dr. Kunam's opinion. The ALJ did evaluate both Dr. Kunam's treatment notes and Physician Initial Evaluation. (AR 229) A treating physician's opinion is normally entitled to greater weight than that of an examining physician. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989), citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). Symptoms alone, however, are insufficient to establish the existence of a physical or mental impairment. 20 C.F.R. §§ 404.1528(a) and 416.928(a). The ALJ properly noted that Dr. Kunam's treatment notes and Physician Initial Evaluation did not constitute an opinion as they did not contain any thorough evaluation, examination, or analysis of Plaintiff's condition, but merely listed Plaintiff's symptoms.

An ALJ may reject a treating source opinion by summarizing the facts and conflicting clinical evidence in a detailed and thorough fashion, stating his interpretation and making findings. Magallanes v. Bowen, 881 F.2d 555. The ALJ properly noted that Dr. Kunam's treatment records and Physician Initial Evaluation failed to support his opinion that Plaintiff is permanently disabled. (AR 229). Dr. Kunam's observation that Plaintiff reported feeling "very frustrated and hopeless, irritated, angry" (AR 188), is "more happier, no energy" (AR 192) is "still depressed" (AR 193), and "feels a little better" (AR 189) were inconclusive and do not support a finding of permanent disability.

Contrary to Plaintiff's assertion, the Physician Initial Evaluation does not support Dr. Kunam's opinion that Plaintiff was permanently disabled, rating only Plaintiff's low energy level as "severe" but reserving "moderate to severe" ratings for depressed mood, and irritability, and "moderate" ratings for poor concentration and anxiety. (AR 196). The Physician Initial Evaluation also reports that while Plaintiff's mood was depressed and her appearance disheveled,

1  her motor activity was calm, her thought process, memory, judgment and
2  orientation were all intact, and she did not have any hallucinations, delusions, or
3  suicidal or homicidal tendencies. (AR 198).

4      Plaintiff's assertion that the ALJ discredited the Dr. Kunam's opinion on
5  illegitimate and nonspecific grounds is partially correct. "When a non-treating
6  physician's opinion contradicts that of the treating physician - the opinion of the
7  treating physician may be rejected only if the ALJ gives 'specific, legitimate
8  reasons for doing so that are based on substantial evidence in the record."
9  Morgan v. Apfel, 169 F.3d 595(9th Cir. 1999). The ALJ illegitimately reasoned
10 that because "the claimant has not been institutionalized as someone with such
11 drastic limitations [as described by Dr. Kunam] would require," Dr. Kunam's
12 opinion was invalid. (AR 228). The ALJ's rationale in this respect was in error,
13 because Dr. Kunam's assessment was to determine competency for work related
14 purposes, and not for institutionalization purposes. Similarly, the ALJ
15 illegitimately reasoned that because Dr. Kunam's assessments find disability
16 they "are obviously meant to further the claimant's case." (AR 228). This
17 rationale is questionable, for if it were accepted, any treating physician who
18 opined that a patient was disabled could be discredited on the basis that the
19 physician was "furthering his patient" in obtaining disability benefits.

20     However, the ALJ did explicitly reject Dr. Kunam's opinion on other
21 legitimate and specific grounds. The weight given a treating physician's opinion
22 depends on whether it is supported by sufficient medical data and is consistent
23 with other evidence in the records. 20 C.F.R. §§404.1527, 416.927 (2004). The
24 ALJ discredits Dr. Kunam's permanent disability opinion with evidence that
25 Plaintiff takes care of her children as well as her own daily needs. (AR 228).
26 The ALJ also characterizes Dr. Kunam's assessment as "excessive," implicitly
27 comparing Dr. Kunam's opinion to that of the examining psychiatrist, Reynaldo
28 Abejuela, M.D., and nonexamining medical expert Joseph Malancharuvil, Ph.D.,

and contrasting Dr. Kunam's finding of permanent disability with evidence that Plaintiff continues to drive, shop, and take care of her two children (AR 228-229).

Even if the ALJ erred in failing to clearly and specifically articulate a basis for her rejection of Dr. Kunam's opinion, the error was harmless because the ALJ provided a legitimate and specific analysis in support of the ultimate conclusion that Plaintiff is not disabled. When a non-treating physician's opinion contradicts that of the treating physician, the opinion of the treating physician may be rejected only if the ALJ gives 'specific, legitimate reasons for doing so that are based on substantial evidence in the record." Morgan v. Apfel, 169 F.3d 595(9th Cir. 1999). The ALJ thoroughly considered the opinions of the examining psychiatrist and the non-examining medical expert, both of whom opined Plaintiff was not permanently disabled. (AR 228-229). While the ALJ did not specifically compare Dr. Abejuela's analysis with Dr. Kunam's, it is clear that Dr. Abejuela's opinion that clearly conflicts with Dr. Kunam's. As Dr. Abejuela observed, "There is no severe restriction in the patient's daily activities. There are no severe difficulties in social functioning. The patient's concentration, persistence, and pace are not severely impaired. There is no repeated emotional deterioration in work-like situations. Her ability to understand, carry out, and remember instructions is not severely impaired. Her response to coworkers and supervisors, and the public is not severely impaired. Her ability to respond appropriately to work situations is not severely impaired. Her ability to deal with changes in a routine work setting is not severely impaired. There are no severe limitations due to emotional impairment." (AR 171).

Dr. Kunam concluded that Plaintiff "had extreme limitations in her ability to maintain attention and concentration for extended periods, work in coordination with or in proximity to others without being distracted by

them, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances." (AR 200).

Similarly, the ALJ noted that Dr. Malancharuvil found, after reviewing the medical evidence, that Dr. Kunam's assessments in his treatment notes, Physician Initial Evaluation, and Work Capacity Evaluation were "inconsistent and without substantial basis." (AR 229). The ALJ may reject a treating opinion based in part on a nonexamining medical expert's testimony. <u>Morgan v. Commissioner of SSA</u>, 169 F.3d 595, 602 (9th Cir. 1999). Dr. Malancharuvil noted that although Plaintiff was diagnosed with bipolar disorder, he saw no evidence for it, but rather "an affective disorder of some sort." (AR 301).

### III. <u>ORDER</u>

For the foregoing reasons, the decision of the Commissioner is affirmed and the plaintiff's Complaint is dismissed.

DATED: <u>June 1, 2006</u>

/s/
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE